UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES RAY, } | |
| } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. H-08-2737 |
| } | |
| CITY OF RICHMOND, } | |
| } | |
| Defendant. } | |

## OPINION & ORDER

Pending before the Court is Defendant City of Richmond's Motion to Dismiss and Motion for a More Definite Statement (Doc. 4).

Plaintiff James Ray ("Ray"), a black male, brings suit, alleging violations of Title VII of the Civil Rights Act of 1964 for racial discrimination against his employer, the City of Richmond. Defendant seeks the dismissal of Ray's suit for failure to failure to state a claim for which relief can be granted. Rule 12(b)(6). Specifically, the City of Richmond argues that Ray set forth a disparate-impact claim in his EEOC complaint, yet alleges a disparate-treatment claim in his complaint. The complaint must allege a claim that "can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 466 (5th Cir. 1970); *cf. Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir.), *cert denied*, 127 S.Ct. 299 (2006)

A disparate-impact plaintiff must show (1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class. *Pacheco*, 448 F.3d at 791. Thus, in *Pacheco*, the plaintiff's claim was barred because he had brought an EEOC charge alleging disparate impact, but his complaint alleged only incidents of intentional discrimination against him rather than any facially neutral policy. *Id*. Plaintiff's pleadings do not articulate a

neutral employment policy being used to disparately impact him because of his race. The City of Richmond's 12(b)(6) motion to dismiss will be granted without prejudice.

The City of Richmond also seeks a more definite statement under Rule 8(a). Plaintiff alleges that his employer classified him "in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 USC Sec. 2000e(2)(a)"  Doc. 1 at ¶10. Plaintiff fails to give any factual basis for this allegation. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Thus, Plaintiff must provide the factual basis for his allegation in a more definite statement filed within twenty days of this order or face dismissal of this claim.

Ray further alleges that the City of Richmond acted with malice or reckless indifference and seeks exemplary damages. Doc. 1 at ¶11. Under Title VII, exemplary and punitive damages may be awarded but not against the government, a government agency or political subdivision. Title 42 USC § 1981a(b)(1). Defendant seeks dismissal of this element of the complaint on the basis that the City of Richmond is a political subdivision. A brief survey of extant Fifth Circuit case law indicates a broad view of the meaning of "political subdivision." *Albright v. City of New Orleans*, 208 F. Supp. 2d 634, 637 (E.D. La. 2002)(denying punitive damages against a city);  *Funches v. City of Dallas*, 1999 U.S. Dist. LEXIS 6269 (N.D. Tex. Apr. 28, 1999)(denying punitive damages against a city); *Godfrey v. Katy Indep. Sch. Dist.*, 2009 U.S. Dist. LEXIS 2037, 3-4 (S.D. Tex. Jan. 13, 2009) (school district is a political subdivision).

Therefore, the Court dismisses the punitive damages element of Plaintiff's claim against the City of Richmond.

Accordingly, it is hereby ORDERED that City of Richmond's 12(b)(6) Motion to Dismiss is GRANTED, without prejudice to repleading.  It is further

ORDERED that the City of Richmond's 12)(b)(3) Motion for More Definite Statement is GRANTED.  Plaintiff must make a more definite statement, that is, a short and plain statement describing either how or what the City of Richmond did to classify him in a manner that deprived him of equal employment opportunity, as compared to similarly situated employees within 20 days of the date of the entry of this Order.  Failure to timely provide a more definite statement will result in this claim being dismissed.  It is further

ORDERED that Plaintiff's claim seeking exemplary damages against the City of Richmond is dismissed with prejudice.

SIGNED at Houston, Texas, this 30th day of September, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE